# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Civil Case No. 11-cv-00974-REB-KLM

OJORE N. LUTALO,

      Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORPORATION ("AMTRAK"),
LENINOVA FAYDO, in her official and individual capacities, and
JAMES BULLERWELL, II, in his official and individual capacity,

      Defendants.

---

## ORDER CONCERNING MOTIONS FOR SUMMARY JUDGMENT

---

**Blackburn, J.**

      This matter is before me on the following: (1) **Plaintiff's Motion and Memorandum for Partial Summary Judgment** [#59][1] filed March 23, 2012; and (2) **Defendants' Motion for Summary Judgment** [#81] filed July 9, 2012.  Responses [#77 & #90] and replies [#80 & #99] were filed by the parties.  In addition, the plaintiff filed a supplemental notice [#111] addressing issues raised in the defendants' reply [#99] in support of their motion for summary judgment.  I deny the plaintiff's motion.  I grant the defendants' motion in part and deny it in part.

## I.  JURISDICTION

      I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and § 1367 (supplemental).

---

[1] "[#59]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.[2]   FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Farthing v. City of Shawnee*, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Farthing*, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine issue of fact.  *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994), *cert. denied*, 115 S.Ct. 1315 (1995).  By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense.  *See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).

In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show by tendering depositions, affidavits, and other competent evidence that summary judgment is not proper.  *Concrete Works*, 36 F.3d at 1518.  All evidence must be viewed in the light most favorable to the party opposing the motion. *Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse*

---

[2] The issues raised by and inherent to the motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the papers. *Cf.* FED. R. CIV. P. 56(c) and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

*Services*, 165 F.3d 1321, 1326 (10th Cir.), *cert. denied*, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

## III.  FACTS

Having reviewed the record and the parties briefs, I conclude that there are a variety of disputed issues of material fact which preclude the entry of summary judgment on some claims in this case.  On the other hand, viewing the evidence in the record in the light most favorable to the plaintiff, I conclude that no reasonable fact finder could find for the plaintiff on certain of his claims.  To inform the analysis on the claims on which I grant summary judgment, I provide a brief outline of the facts.

On January 26, 2010, Sue Blesi was a passenger aboard an Amtrak train known as the Southwest Chief.  As the train was approaching La Junta, Colorado, Ms. Blesi approached defendant Leninova Faydo, an Amtrak Car Attendant.  Ms. Blesi told Ms. Faydo that Ms. Blesi was concerned about statements made by another passenger during phone conversations between the passenger and others.  Ms. Blesi was sitting near the passenger who had been using the phone.  The passenger on the phone was the plaintiff, Ojore Lutalo.

Ms. Blesi showed Ms. Faydo a card containing significant statements Ms. Blesi says she overheard.  According to evidence submitted by the plaintiff, the card read: "have you been shot?" "Homeland security is serious."  "We work in small groups."  "Are you willing to go to jail?"  The plaintiff's evidence indicates that Ms. Blesi never heard and never reported any statement by Mr. Lutalo involving a bomb or any type of bomb threat, nor did she hear any statement indicating that Mr. Lutalo possessed a weapon

on the train.

Ms. Faydo notified Assistant Conductor James Bullerwell, III[3], who was onboard the train. Assistant Conductor Bullerwell spoke directly to Ms. Blesi and notified Conductor George Flores.  Mr. Flores apparently reviewed the card written by Ms. Blesi and spoke to Ms. Blesi.  From the train, Conductor Flores called Trainmaster James Bullerwell, II, who was in La Junta, Colorado.  According to the plaintiff's evidence, Conductor Flores read Ms. Blesi's card to Trainmaster Bullerwell and asked Trainmaster Bullerwell to have the La Junta Police Department (LJPD) present as observers when Conductor Flores talked with Mr. Lutalo when the train was in La Junta. According to the plaintiff's evidence, Conductor Flores did not use the word bomb when speaking to Trainmaster Bullerwell, and said nothing indicating that he thought the passenger might be planning to bomb a train, a building, or anything else.

Trainmaster Bullerwell called the dispatcher for the LJPD and reported the situation on the train.  When asked by the dispatcher if Mr. Lutalo had said something about bombing the train, Trainmaster Bullerwell said"Yeah. Stuff like, 'Gonna bomb this train." *Plaintiff's motion for summary judgment* [#59], Exhibit 9 [#59-10] (transcript of call to dispatcher), CM/ECF p. 2.  Sgt. Shawn Mobley of the LJPD was among the officers who met the train at the station in La Junta.  According to Sgt. Mobley, Ms. Faydo told him at the train station that she personally had heard Mr. Lutalo say something about bombing the train.

Based primarily on the reports of Trainmaster Bullerwell and Ms. Faydo, Sgt.

---

[3]  Assistant Conductor James Bullerwell, III is not a defendant in this case.  However, Trainmaster James Bullerwell, II is a defendant.  Trainmaster James Bullerwell, II is the father of Assistant Conductor James Bullerwell, III.  For the sake of clarity, I refer to these individuals as "Assistant Conductor Bullerwell" and "Trainmaster Bullerwell."

Mobley arrested Mr. Lutalo who was charged under §18-9-115(1)(c)(II) , C.R.S., which defines the crime of endangering public transportation.  Mr. Lutalo was held in jail until January 28, 2010, when he was released on bond.  On February 3, 2010, the Otero County District Attorney dismissed the charge against Mr. Lutalo.

Mr. Lutalo asserts several claims.  I refer to defendant National Railroad Passenger Corporation by its more familiar name, Amtrak.  (1) a Fourth Amendment claim under 42 U.S.C. § 1983 against all defendants; (2) false arrest; (3) malicious prosecution; (4) false imprisonment; (5) breach of contract, against Amtrak; (6) a race discrimination claim under § 42 U.S.C. § 1981 against Ms. Faydo only; and (7) a negligence claim against all defendants.[4]

## IV. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The plaintiff seeks summary judgment on three issues in this case: (1) that the criminal action against him was terminated in Mr. Lutalo's favor; (2) that there was no probable cause to arrest Mr. Lutalo on the night of January 26, 2010; and (3) that defendant National Railroad Passenger Corporation, often known as Amtrak, is an instrumentality of the United States for purposes of protecting individual rights guaranteed by the United States Constitution.

The defendants have stipulated that the criminal action against Mr. Lutalo was terminated in Mr. Lutalo's favor.  That stipulation is sufficient for the plaintiff's use at a trial, and there is no need also to enter summary judgment on this issue.  As to the other two issues, I conclude that summary judgment on those issues is not appropriate.  Therefore, the plaintiff's motion for summary judgment will be denied.

---

[4] Mr. Lutalo has withdrawn his § 1981 claim against Trainmaster Bullerwell and the due process portion of his § 1983 claim.  *Response* [#90], p. 2, n. 1.

## V.  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The defendants raise a variety of issues in their motion for summary judgment.  I address each issue in turn.

### A.  Immunity Under 6 U.S.C. § 1104

Trainmaster Bullerwell and Ms. Faydo argue that they are immune from all of Mr. Lutalo's claims under 6 U.S.C. § 1104.  Under subsection (a)(1) of this statute, any person who, "in good faith and based on objectively reasonable suspicion," makes a report of "covered activity" to an authorized official is immune from civil liability based on the report.  Under subsection (b)(1) of the statute, any "authorized official who observes, or receives a report of, covered activity and takes reasonable action in good faith to respond to such activity" is entitled to certain immunities from civil suits, depending on the circumstances.  Trainmaster Bullerwell and Ms. Faydo both are authorized officials and, arguably, the activity they reported constitutes a covered activity.

Viewing the evidence in the record in the light most favorable to the plaintiff, I conclude that there are genuine issues of material fact concerning the entitlement of Trainmaster Bullerwell and Ms. Faydo to immunity under 6 U.S.C. § 1104.  The disputed issues of fact in this case implicate both the good faith and objective reasonableness of the alleged reports of Trainmaster Bullerwell and Ms. Faydo.  The defendants' motion for summary judgment will be denied as to the claim of immunity under 6 U.S.C. § 1104.

### B.  Action Under Color of State Law

Trainmaster Bullerwell and Ms. Faydo argue that the evidence does not demonstrate that they were acting under color of state law.  Absent action under color of state law, the plaintiff may not assert a claim under 42 U.S.C. § 1983 against these

6

defendants.  There is no explicit state law which grants authority to Trainmaster

Bullerwell or Ms. Faydo.  As employees of Amtrak, they are not employees of the State

of Colorado or any other state.  Mr. Lutalo argues that there is a special relationship

between the LJPD and Amtrak which supports the conclusion that Trainmaster

Bullerwell and Ms. Faydo were acting under color of state law when they made reports

to the LJPD about Mr. Lutalo.

On a very limited basis, otherwise private persons can be held to have acted

under color of state law.

> The provisions of § 1983 only apply to persons who both deprive others of a right secured by the Constitution or laws of the United States and act under color of a state statute, ordinance, regulation, custom or usage. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). When a constitutional claim is asserted against private parties, to be classified as state actors under color of law they must be jointly engaged with state officials in the conduct allegedly violating the federal right. *See Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423, 1429 (10th Cir.1984), cert. denied, 474 U.S. 818, 106 S.Ct. 65, 88 L.Ed.2d 53 (1985); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 931-32 and n. 15, 941, 102 S.Ct. 2744, 2750-51 and n. 15, 2755-56, 73 L.Ed.2d 482 (1982); *Adickes*, 398 U.S. at 152, 90 S.Ct. at 1605-06. This concerted action constitutes both the state action essential to establish a constitutional violation, and action under color of state law, custom or usage. *See Lugar*, 457 U.S. at 931-32, 102 S.Ct. at 2750-51.

*Carey v. Cont'l Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir. 1987) (footnotes

omitted).

However, a private individual does not act under color of state law merely by

reporting an alleged crime to police officers who then take action based on the report.

*Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir.1983). Making a citizen's arrest

does not, without more, constitute action under color of law.  *Carey* , 823 F.2d at 1404;

*Lee v. Town of Estes Park*, 820 F.2d 1112, 1114-15 (10th Cir.1987).

Mr. Lutalo argues that Amtrak was jointly engaged in police enforcement actions

with the LJPD because Amtrak routinely relies on local police, including LJPD, to deal with problematic passengers on its trains.  In addition, Mr. Lutalo has submitted evidence which can be read to show that, after Mr. Lutalo's arrest, Amtrak officials, Sgt. Mobley and the Chief of the LJPD had two telephone conference calls in which they discussed investigation and prosecution strategies concerning Mr. Lutalo.

Mr. Lutalo's claims are based primarily on specific statements allegedly made by Trainmaster Bullerwell and Ms. Faydo.  Nothing in the record of this case demonstrates that these defendants made these statements while in any way acting in coordination with the LJPD.  These statements are analogous to the reports of private citizens to the police at issue in *Carey* and *Lee*.  There is no evidence that Trainmaster Bullerwell or Ms. Faydo later were involved in the conversations between Amtrak officials and the LJPD concerning Mr. Lutalo.  Those conversations do not demonstrate state action by Trainmaster Bullerwell or Ms. Faydo.  Based on those conversations, Mr. Lutalo cannot assert a § 1983 claim against Amtrak.

Viewing the evidence in the record in the light most favorable to Mr. Lutalo, the undisputed facts in the record do not support Mr. Lutalo's contention that Trainmaster Bullerwell and Ms. Faydo we engaged in joint action with the LJPD when they made their reports to the LJPD.  Absent action under color of state law, the defendants are entitled to summary judgment on all of Mr. Lutalo's claims under § 1983.[5]

### C.  Race Discrimination - § 1981

The defendants argue that there is no evidence to support Mr. Lutalo's claim against Ms. Faydo alleging that she discriminated against Mr. Lutalo on the basis of

---

[5]  Mr. Lutalo concedes that he cannot assert a *Bivens* claim in this case.  *Response* [#90], p. 2, n. 1.

race.  Viewing the undisputed facts in the record in the light most favorable to Mr.

Lutalo, I conclude that there remain genuine issues of material fact relevant to this

claim.  The defendants' motion for summary judgment is denied as to the § 1981 claim

against Ms. Faydo.

### D.  Contract Claim

The defendants cite certain provisions of its Carriage of Passengers provisions,

the only evidence in the record which arguably shows the terms of the contract in

question.  Based on those terms, there is no evidence in the record that would support a

finding that Amtrak breached its contract with Mr. Lutalo.  In his response, Mr. Lutalo

does not address the contract claim. Viewing the evidence in the record in the light most

favorable to Mr. Lutalo, the undisputed facts in the record do not support Mr. Lutalo's

breach of contract claim.  The defendants are entitled to summary judgment on this

claim.

### E.  Remaining Claims

Viewing the undisputed facts in the record in the light most favorable to Mr.

Lutalo, I conclude that there remain genuine issues of material fact relevant to his other

claims.  These claims include his claims of false arrest, malicious prosecution, false

imprisonment; and negligence.  The defendants' motion for summary judgment is

denied as to these claims.

### CONCLUSION & ORDERS

The plaintiff has not established an entitlement to summary judgment on the

three issues addressed in his motion for summary judgment.  The defendants have

shown that summary judgment is proper as to the plaintiff's claims under 42 U.S.C. §

1983 and the plaintiff's breach of contract claim.  Summary judgment as to the balance

of the plaintiff's remaining claims is not appropriate.

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Plaintiff's Motion and Memorandum for Partial Summary Judgment** [#59] filed March 23, 2012, is **DENIED**;

2.  That the **Defendants' Motion for Summary Judgment** [#81] filed July 9, 2012, is **GRANTED** as to all of the plaintiff's claims under 42 U.S.C. § 1983 and as to the plaintiff's breach of contract claim;

3.  That otherwise, the **Defendants' Motion for Summary Judgment** [#81] filed July 9, 2012, is **DENIED**.

Dated March 25, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge